NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CYNTHIA M. JOHNSON, *Appellant.*

No. 1 CA-CR 23-0372
FILED 01-23-2025

Appeal from the Superior Court in Maricopa County
No. CR2020-002214-001
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Stephen M. Johnson, Phoenix
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

¶1   This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Cynthia Johnson was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the convictions and resolving all reasonable inferences against Johnson, *State v. Guerra*, 161 Ariz. 289, 293 (1989).

## BACKGROUND

¶2   On August 11, 2019, Johnson was driving an SUV northbound on Signal Butte Road in the second lane from the right. Her husband was in the passenger seat and her son in the backseat. Johnson and her husband began arguing, and Johnson abruptly hit the brakes and veered to the right. The SUV swerved back and forth for a few seconds until it flipped over, causing Johnson's husband's head to strike the curb, killing him instantly. Johnson and her son were taken to the hospital but sustained only minor injuries. When police questioned Johnson at the hospital, her responses were delayed and her speech was slurred. Officers obtained a warrant to test Johnson's blood at the hospital. The test was positive for methamphetamine and amphetamine.

¶3   In November 2020, Johnson was charged with manslaughter, a class 2 felony, for her husband's death, and endangerment, a class 6 felony, for endangering her son's life. *See* A.R.S. §§ 13-1103(A)(1), (D); 13-1201. During trial, the State presented testimony from Johnson's son, who explained that Johnson and her husband were "having their usual morning argument" when the SUV slowed down, started to fishtail, and then went airborne. The State presented testimony from another driver who saw the SUV swerve from side to side and then flip over. A vehicular crimes unit detective testified that she investigated the accident and concluded the cause was "improper steering input." The parties stipulated that the collision caused Johnson's husband's death.

¶4   The State introduced testimony from officers, describing their conversations with Johnson at the scene of the accident and later at the hospital. The State offered bodycam footage of those conversations, showing Johnson slurring her words. The State also admitted the toxicology report, confirming that both methamphetamine and amphetamine were in

Johnson's blood. The forensic toxicologist who reviewed that report testified that these substances can negatively affect someone's ability to operate a vehicle. At the close of the State's case, the superior court denied Johnson's motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20(a).

¶5        The jury found Johnson guilty on both counts. After an aggravation phase, the jury found that both offenses were dangerous because they involved the use of a dangerous instrument, a motor vehicle. *See* A.R.S. § 13–105(12), (13). The court sentenced Johnson to a minimum prison term of 7 years for manslaughter and a minimum term of 1.5 years for endangerment to run concurrently, giving Johnson 1016 days of presentence incarceration credit. *See* A.R.S. § 13–704(A). She timely appealed.

## DISCUSSION

¶6        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 537, ¶ 30. The record reflects Johnson was present and represented by counsel at all critical stages of the proceedings against her. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Johnson's constitutional and statutory rights. Therefore, we affirm the convictions and sentences.

¶7        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Johnson of the outcome of this appeal and her future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Johnson has 30 days from the date of this decision to proceed, if she wishes, with a pro per petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). On the court's own motion, Johnson has 30 days from the date of this decision to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c).

